1

2

3        IN THE UNITED STATES DISTRICT COURT

4        FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    RAMON SAPP,                                    No. C 13-04672 YGR (PR)

7            Plaintiff,                             **ORDER OF DISMISSAL WITH
                                                    PREJUDICE**
8    vs.

9    DEPUTY PUBLIC DEFENDER
     DAVID KLAUS,
10
             Defendant.
11   ————————————————————————————/

12          Plaintiff has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Deputy

13   Public Defender David Klaus arising out of Defendant Klaus's alleged failure to adequately defend

14   him on criminal charges for which he was eventually convicted.  He has also filed a motion for leave

15   to proceed *in forma pauperis*.

16                                        **DISCUSSION**

17   A.     **Standard of Review**

18          Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

21   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22   monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1), (2).  *Pro se*

23   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24   Cir. 1990).

25          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

26   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

27   alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

28   487 U.S. 42, 48 (1988).

United States District Court
For the Northern District of California

**B.      Legal Claim**

As mentioned above, Plaintiff is suing Defendant Klaus, his public defender.  However, public defenders acting as attorneys for criminal defendants do not act under color of state law, an essential element of an action under § 1983. *Tower v. Glover*, 467 U.S. 914, 919-920 (1984); *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981).  Because no amendment could cure this defect, this case will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims are DISMISSED with prejudice.

The Clerk of the Court shall enter judgment, terminate all pending motions as moot, and close the file.

IT IS SO ORDERED.

DATED:      January 3, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.13\Sapp4672.DISM(pd).frm                    2

*United States District Court*
*For the Northern District of California*